IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EXPRESS SCRIPTS, INC., | ) |
| | ) |
| Plaintiff, | )   Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| SAYBIAN ENTERPRISES, INC., | ) |
| | ) |
| Serve at:  Registered Agents, Inc. | ) |
| 1267 Willis Street, Ste. 200 | ) |
| Redding, CA 96001 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Express Scripts, Inc. ("Express Scripts"), by and through its undersigned counsel, and for its Complaint against Defendant, Saybian Enterprises, Inc. ("Saybian"), and in support thereof, states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract relating to the failure of Saybian to pay Express Scripts for amounts owed pursuant to the parties' contract.

2. Saybian operates/operated a pharmacy in California that contracted with Express Scripts.

3. In performing audits of Saybian's business, Express Scripts learned that it has paid Saybian millions of dollars for prescription drug claims that were submitted in violation of the parties' contract.

4. Express Scripts has made multiple demands for payment from Saybian but to date Saybian has failed to pay the amounts owed to Express Scripts.

5. The purpose of this action is to recover Saybian's outstanding debt owed to

Express Scripts, in excess of $4,000,000.00.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Express Scripts is a Delaware corporation with its principal place of business in St. Louis, Missouri.

7. Upon information and belief, Saybian is a California corporation with its principal place of business in West Hollywood, California.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states such that complete diversity exists.

9. The contract between Express Scripts and Saybian includes a dispute resolution clause that requires disputes to be litigated in the United States District Court for the Eastern District of Missouri, therefore venue is appropriate in this Court.  Provider Agreement § 7.11.

## FACTUAL BACKGROUND

### THE ROLE OF EXPRESS SCRIPTS AS A PHARMACY BENEFIT MANAGER AND THE IMPORTANCE OF PHARMACY INTEGRITY TO EXPRESS SCRIPTS

10. Express Scripts' mission is to make prescription drugs safer and more affordable for its clients and their members.  Express Scripts provides value to its client health plans by reducing waste and inefficiency in prescription drug spend.

11. As a pharmacy benefit manager ("PBM"), Express Scripts contracts with third-party payors and health plan administrators – such as insurers, HMOs, and employers – to facilitate delivery of prescription drugs to health plan members or other beneficiaries.

12. To fill their role, PBMs like Express Scripts create pharmacy provider networks by negotiating with pharmacies that agree to fill prescriptions for health plan members.  In

2

exchange, the pharmacies get a number of benefits, including access to Express Scripts' client health plan members as customers, payment within specified times, dispensing fees, marketing and advertising, on-line determination of member eligibility, and access to Express Scripts' pharmacy support desk.

13. The integrity and reputation of Express Scripts' pharmacy provider network is critical to Express Scripts' business, client relationships, and patient safety. A pharmacy that does not meet the high standards of professionalism and integrity expected by Express Scripts threatens its pharmacy provider network and its reputation for trusted quality services for Express Scripts' clients and threatens patient safety.

14. Saybian was a member of Express Scripts' network of pharmacies pursuant to a PSAO Services Agreement, Provider Agreement, Provider Authorization, and Provider Manual (collectively referred to as the "Agreement"). The PSAO Agreement and Provider Agreement are attached hereto as Exhibit A. The Provider Authorization is attached hereto as Exhibit B.

15. The Provider Manual is expressly incorporated into the Provider Agreement such that, together with the Provider Authorization, they form the Agreement. Provider Agreement at § 7.3.

16. The Agreement is governed by Missouri law. Provider Agreement at § 7.7.

17. The Agreement between Saybian and Express Scripts was, at all relevant times, a valid contract supported by adequate consideration.

18. When Saybian agreed to participate in Express Scripts' pharmacy provider networks, it agreed to abide by Express Scripts quality standards and best pharmacy practices, as required by the terms of the parties' Agreement.

**THE IMPORTANCE OF PHARMACY AUDITS TO EXPRESS SCRIPTS AND
THE PERTINENT CONTRACTUAL PROVISIONS GOVERNING AUDITS**

19. To help ensure the integrity of its pharmacy network, and as a service to its clients, Express Scripts undertakes routine audits of the pharmacies in its network of approximately 70,000 pharmacies. Since Express Scripts does not have employees physically present at the pharmacies when prescriptions are dispensed, such audits are critical in helping to ensure that pharmacies in Express Scripts' network are dispensing prescriptions in accordance with applicable laws and the Agreement.

20. When Saybian agreed to participate in Express Scripts' pharmacy provider network, Saybian agreed that "[a]ll claims are subject to audit regardless of whether or not a claim successfully adjudicates, and [Express Scripts] reserves the right to review (i.e. audit) any claim." Provider Manual at § 5.1.

21. To facilitate the audit of claims, Saybian agreed to give Express Scripts the ability to "request, inspect, review, audit and reproduce … medical … records, including prescription records; all books, contracts, medical records, and patient care documentation; original prescriptions; signature logs; … and such other records and information relating to Covered Medications provided to Members or performance under this Agreement as may be required by [Express Scripts] …." Provider Agreement at § 2.11a.

22. During an audit, Express Scripts typically reviews a subset of prescription claims that the pharmacy submitted to Express Scripts for payment. For example, for the claims that are being reviewed, Express Scripts might review the specific prescriptions (to confirm that the prescription was valid) and the information submitted to justify the prescriptions (to confirm the proper medication, dosage, and/or package size was dispensed).

23. If the pharmacy, like Saybian, refuses to respond to an audit request or provide

documentation necessary to substantiate a prescription claim, the Agreement allows Express Scripts to recover the amount(s) paid to Saybian for that particular claim.  *E.g.*, Provider Manual at § 5.3.

24.	If Express Scripts determines during an audit that a prescription was dispensed in violation of applicable laws and/or the Agreement, the Agreement allows Express Scripts to recover the amount(s) paid to Saybian for that particular claim.  Provider Agreement at § 3.2a; Provider Manual at § 5.3.

### THE AUDITS OF SAYBIAN

25.	Between March and August 2015, Express Scripts performed audits of certain prescription claims submitted by Saybian.  During the course of these audits, Express Scripts determined that many claims submitted by Saybian and reimbursed by Express Scripts were noncompliant, or discrepant, claims under the terms of the Agreement.

26.	Specifically, Express Scripts determined that Saybian was seeking reimbursement for medication without a proper prescription and medication that was dispensed in a quantity or amount different from that represented to Express Scripts.  When notified of the audit of certain claims, Saybian either refused to provide the requested documentation needed to substantiate the claim within the requisite time period and/or Saybian voluntarily reversed, or withdrew, the claim when Express Scripts asked for documentation to support it.  Saybian's actions resulted in the finding of discrepancies in its prescription claims submitted to Express Scripts for reimbursement.

27.	Express Scripts provided Saybian with its findings for each prescription, along with an explanation of the discrepancy, including the total amount of money that Saybian owed Express Scripts for the discrepant claims.

28. Express Scripts made demands for payment from Saybian for the outstanding amounts owed via several letters sent throughout 2016 and 2017.

29. To date, Saybian continues to owe Express Scripts more than $4,000,000.00 for discrepant claims discovered during the course of the audits, for which Saybian agreed that Express Scripts has a right to collect.

## COUNT I - BREACH OF CONTRACT

30. Express Scripts incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

31. Express Scripts and Saybian were parties to a valid contract – the Agreement.

32. Saybian breached the Agreement by submitting prescription claims for payment to Express Scripts that violated the terms of the parties' Agreement and were thereby discrepant.

33. Under the terms of the Agreement, Saybian agreed that Express Scripts is entitled to recover the monies that Express Scripts paid to Saybian for such discrepant claims.

34. Saybian breached the Agreement by failing to remit payment to Express Scripts for the discrepant claims.

35. At all relevant times, Express Scripts performed its obligations under the Agreement.

36. As a direct and proximate result of Saybian's breach, Express Scripts has suffered damages.

## COUNT II – IN THE ALTERNATIVE ACCOUNT STATED

37. Express Scripts incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

38. Since 2012, Express Scripts and Saybian have had an account between them.

39. Express Scripts provided Saybian with the agreed upon services, subject to

Express Scripts' contractual right to audit and recoup any amounts overpaid to Saybian.

40. Express Scripts discovered discrepant claims resulting in an overpayment to Saybian and issued statements of account and audit findings to Saybian showing a balance of more than $4,000,000.00 remains unpaid.

41. Saybian did not appeal the audit findings and thereby acknowledges that it owes Express Scripts the stated balance.

42. Saybian has failed and refused, and continues to fail and refuse, to pay the amounts due and owing to Express Scripts.

43. As a direct and proximate result of Saybian's wrongful conduct, Express Scripts has suffered economic damages and injury.

### COUNT III – IN THE ALTERNATIVE UNJUST ENRICHMENT

44. Express Scripts incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

45. Express Scripts paid Saybian for numerous prescriptions submitted by Saybian to Express Scripts for reimbursement.

46. By making these payments, Express Scripts conferred substantial benefits on Saybian including, but not limited to, monetary benefits.

47. Numerous prescriptions for which Saybian received payment were improper or discrepant and submitted in violation of the terms of the parties' Agreement.

48. Saybian has been unjustly enriched by receiving and retaining payments from Express Scripts for prescriptions that were improper or discrepant and that violated the terms of the parties' Agreement.

49. Saybian's unjust enrichment comes at the expense of Express Scripts.

50. It would be unjust if Saybian were permitted to retain the payments from Express

7

Scripts for prescriptions that were improper or discrepant and submitted in violation of the parties' Agreement.

51. Saybian's misconduct directly and proximately caused Express Scripts to suffer damages.

52. As a result of Saybian's misconduct, Express Scripts is entitled to full disgorgement of Saybian's unjust enrichment and/or a constructive trust sufficient to compensate Express Scripts for the damages it incurred.

WHEREFORE, Express Scripts respectfully requests that judgment be granted in its favor and against Saybian on Express Scripts' claims for money damages according to proof, pre-judgement interest, post-judgment interest, costs of litigation, and such additional relief as may be deemed appropriate.

Dated: March 18, 2019							Respectfully submitted,

									HUSCH BLACKWELL LLP

									By: */s/ Tanya M. Maerz*
									Christopher A. Smith, #53266
									Tanya M. Maerz, #63987
									Sarah L. Zimmerman, #69440
									190 Carondelet Plaza, Suite 600
									St. Louis, MO  63105
									Telephone: 314.480.1500
									Fax: 314.480.1505
									chris.smith@huschblackwell.com
									tanya.maerz@huschblackwell.com
									sarah.zimmerman@huschblackwell.com
									*Attorneys for Express Scripts, Inc.*

8